UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                    :
AMIRAH BLACKMAN,                                    :
                                                    :
                           Plaintiff,               :     12 Civ. 3901 (PAE) (KNF)
               -v-                                  :
                                                    :     ORDER
COMMISSIONER OF SOCIAL SECURITY,                    :
                                                    :
                           Defendant.               :
                                                    :
------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

On May 15, 2012, Plaintiff Amirah Blackman, proceeding *pro se*, appealed from a decision of the Commissioner of Social Security ("Commissioner") dated September 14, 2011. Dkt. 2. On February 12, 2013, the Court executed a stipulation and order, signed by the parties, remanding the matter to the Commissioner for further administrative proceedings, "pursuant to the Social Security Act, 42 U.S.C. § 405(g)." Dkt. 17. On February 14, 2013, the Clerk of Court entered judgment and the action was closed. Dkt. 18. On January 31, 2018, following remand, an administrative law judge entered a second decision in Blackman's case, which the Social Security Administration ("SSA") adopted. *See* Dkt. 19 at 3–5. On March 26, 2019, Blackman filed a letter in this closed action, styled "Motion for Reconsideration to Reopen Case." Dkt. 19.

Before the Court is the October 25, 2019 Report and Recommendation, Dkt. 23 (the "Report"), of the Hon. Kevin N. Fox, United States Magistrate Judge, as well as Blackman's objection, Dkt. 24 (the "Objection"). The Report recommends that the Court deny the motion for failing to comply with the SSA's clear instructions for initiating a challenge to its January 31, 2018 decision. Dkt. 23 at 3.

For the following reasons, the Court adopts the Report in its entirety.

I.  **Applicable Legal Standard**

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the Report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (citation omitted); *see also Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). However, where specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

To the extent that the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report and Recommendation strictly for clear error. *See Dickerson v. Conway*, No. 08 Civ. 8024 (PAE), 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013); *Kozlowski v. Hulihan*, Nos. 09 Civ. 7583, 10 Civ. 0812 (RJH), 2012 WL 383667, at *3 (S.D.N.Y. Feb. 7, 2012). This is so even in the case of a *pro se* plaintiff. *Telfair v. Le Pain Quotidien U.S.*, No. 16 Civ. 5424 (PAE), 2017 WL 1405754, at *1 (S.D.N.Y. Apr. 18, 2017) (citing *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)). Further, "[c]ourts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation." *Tavares v. City of New York*, No. 08 Civ. 3782 (PAE), 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011) (citation omitted).

II.  **Discussion**

Blackman objects to the Report, in four sentences, on the grounds that he "did comply with SSA instructions for over 10 years" and that he "was just discrim[inat]ed [against] . . . for over 10 years." Objection at 1.

The first objection—that Blackman, contrary to the careful findings of Judge Fox and the SSA, complied with SSA instructions—is entirely conclusory. Blackman provides no support for his assertion whatsoever. The second objection restates nearly word for word the (similarly conclusory) argument, made in Blackman's motion to reconsider, that he "feel[s] discrim[inat]ed [against] by Social Security for not taking full review of my disab[i]lities and critical needs of this case for over 10 years." Dkt. 19 at 1. Review for clear error is therefore appropriate here. *See Telfair*, 2017 WL 1405754, at *1. Careful review of Judge Fox's Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety.

## CONCLUSION

For the foregoing reasons, the Court accepts adopts Judge Fox's October 25, 2019 Report and Recommendation. It is hereby ordered that plaintiff's motion for reconsideration to reopen the case, Dkt. 19, is denied. This case remains closed; the Court does not expect or invite any further filings from the parties.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: November 6, 2019
New York, New York